IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16cv93

| | |
|---|---|
| CHAUNCEY JOHN LEDFORD, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| NORTH CAROLINA DEPARTMENT ) | |
| OF PUBLIC SAFETY, et al., ) | |
| ) | |
|     Defendant. ) | |

Pending before the Court is Defendants' Motion to Dismiss [# 17]. Plaintiff brought this action against Defendants asserting claims pursuant to 42 U.S.C. § 1983, the North Carolina Constitution, and North Carolina state law. Defendants North Carolina Department of Public Safety ("Defendant DPS" or "DPS"), Frank Perry, Joseph Dugdale, Margaret Murga, Pamela Walker, and the North Carolina Alcohol Law Enforcement Branch of the State Bureau of Investigation ("Defendant ALE" or "ALE") move to dismiss several of the claims asserted in the Complaint. The District Court referred the motion to this Court for a Memorandum and Recommendation. Upon a review of the record, the parties' briefs, and the relevant legal authority, the Court **RECOMMENDS** that the District Court **GRANT in part** the motion [# 17].

1

## I. Background

Plaintiff, who resides in Madison County, North Carolina, worked for Defendant ALE from 1993 through November 9, 1998. (Pl.'s Compl. ¶¶ 5, 13, ECF No. 1.) Defendant ALE is a division of Defendant DPS, an agency of the State of North Carolina. (Id. ¶¶ 6, 11.) Defendant DPS oversees Defendant ALE. (Id.)

In 1998, Plaintiff was elected as the Sheriff of Madison County. (Id. ¶¶ 14-15.) Plaintiff won reelection in 2002 and 2006, and he served as Sheriff for over ten years. (Id. ¶¶ 15-16.) Effective October 1, 2009, former democratic Governor Beverly Perdue appointed Plaintiff as the Director of Defendant ALE. (Id. ¶ 25.)

In November 2012, Plaintiff submitted a request for reassignment to Reuben Young, the Secretary of DPS. (Id. ¶¶ 24, 26-7.) Plaintiff requested reassignment as a special agent stationed in Asheville, North Carolina. (Id. ¶ 26.) The position of special agent is subject to the State Personnel Act. (Id.) At the time of the request, ALE did not have an open position in Asheville, but a position was available in Wilmington, North Carolina. (Id. ¶ 29.)

The Chief Deputy Secretary and Chief Operating Officer of DPS approved Plaintiff's Personnel Action Clearance form on November 29, 2012. (Id. ¶ 28.) The Chief Operating Officer also authorized the transfer of the special agent position in Wilmington to Asheville. (Id. ¶ 30.) Subsequently, the Secretary of

DPS approved the reassignment to Asheville and a salary of $65,887.00 for Plaintiff, the maximum permissible salary for a special agent. (Id. ¶¶ 31-32.) On January 2, 2013, Plaintiff began employment in Asheville as a special agent. (Id. ¶ 33.)

Approximately a month after Plaintiff began employment in Asheville as a special agent, another special agent filed a grievance alleging the existence of a division wide salary inequality. (Id. ¶ 35.) This special agent cited the reassignment of Plaintiff as an example of the salary inequality. (Id.) The grievance also alleged that the reassignment of Plaintiff to Asheville violated existing policy, and that ALE should have publically posted the position. (Id. ¶ 36.) Defendants ALE and DPS denied the grievance. (Id. ¶¶ 37-8.) Meanwhile, another special agent filed an identical grievance, which was also denied. (Id. ¶¶ 39-40.) As a result of the issues raised in the grievances, Defendant Dugdale, the Chief Deputy to the General Counsel for Defendant DPS, advised Defendant Murga, a personnel analyst for Defendant DPS, that the complaints raised were not subject to the grievance procedure, and that ALE was not required to publically post Plaintiff's position. (Id. ¶¶ 8-9, 41-44.)

Defendant Murga subsequently began an investigation into Plaintiff's reassignment, which resulted in her issuing a memorandum to her supervisor on

March 13, 2013. (Id. ¶ 46.) Plaintiff contends that this memorandum contained a number of inaccurate and inconsistent statements and failed to provide relevant information. (Id. ¶ 47.) In addition, Plaintiff contends that Defendant Murga failed to follow the applicable ALE policies and procedures in investigating Plaintiff's reassignment. (Id. ¶¶ 49-51.)

The next day, Defendant Dugdale submitted a memorandum to Defendant Perry, the Secretary of the Department of Public Safety. (Id. ¶¶ 7, 52.) This memorandum stated that Defendant Murga's supervisor advised him that there were two viable options for responding to Plaintiff's reassignment: (1) maintain Plaintiff's position as it was in Asheville; or (2) move the position back to Wilmington, readjust the salary downward, and allow Plaintiff to transfer with the position. (Id. ¶¶ 52-53.) During a subsequent meeting, Defendant Dugdale stated that a third option – termination of Plaintiff's employment – would also be acceptable. (Id. ¶ 54.)

On April 9, 2013, Defendant Perry prepared a termination memorandum. (Id. ¶ 55.) The next day, Plaintiff received a phone call notifying him that Defendant ALE was terminating his employment. (Id. ¶ 56.) Plaintiff also received a memorandum from Defendant Perry detailing his termination, but the memorandum was different than the April 9, 2013, memorandum. (Id. ¶ 57.) The

memorandum stated that Plaintiff was terminated because of unacceptable personal conduct and because his reassignment was illegal and an attempt to circumvent the State Personnel Act. (Id. ¶¶ 61-2.) Plaintiff contends that these statements were false and damaged his reputation. (Id. ¶¶ 65, 67.) The memorandum received by Plaintiff was from Defendant Perry, written on DPS letterhead, and was signed "FP." (Id. ¶ 58.)

Defendant Walker, the Director of Communications for Defendant DPS, released the memorandum to the Associated Press and to reporter John Boyle at the Asheville Citizen Times. (Id. ¶¶ 10, 68.) Plaintiff contends that the publication of the memorandum throughout North Carolina damaged his reputation. (Id. ¶¶ 69, 73, 76-8, 111.)

After his termination, Plaintiff filed a petition for a hearing before a North Carolina Administrative Law Judge. (Id. ¶ 85.) The Administrative Law Judge determined that Defendant DPS terminated Plaintiff as the result of political discrimination, not personal misconduct. (Id. ¶ 86.) The Superior Court and the Court of Appeals upheld the decision. North Carolina Dep't of Pub. Safety v. Ledford, 786 S.E.2d 50 (N.C. Ct. App. 2016). The case is now before the North Carolina Supreme Court. North Carolina Dep't of Pub. Safety v. Ledford, No. 223PA16, 2016 WL 4411536 (N.C. Aug. 18, 2016).

In addition to filing a petition challenging his termination, Plaintiff brought this action asserting a number of claims against Defendants. Plaintiff's First Claim asserts a Due Process claim under the Fourteenth Amendment to the United States Constitution pursuant to Section 1983. (Pl.'s Compl. ¶¶ 90-100.) Plaintiff's Second Claim asserts a violation of Section 19 of the North Carolina Constitution. (Id. ¶¶ 101-03.) The Third Claim asserts a defamation claim under North Carolina law. (Id. ¶¶ 104-11.) The Fourth Claim asserts a civil conspiracy cause of action against Defendants Perry Dudgale, Murga, and Walker. (Id. ¶¶ 112-20.) Subsequently, Defendants moved to dismiss in part the Complaint. The District Court referred the Motion to Dismiss to this Court. Thus, the Motion to Dismiss is now properly before this Court for a Memorandum and Recommendation to the District Court.

## II. Legal Standard

The central issue for resolving a Rule 12(b)(6) motion is whether the claims state a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering Defendants' motion, the Court accepts the allegations in the Complaint as true and construes them in the light most favorable to Plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92. Although the Court accepts well-pled facts

as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Nor will mere labels and legal conclusions suffice. Id. Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

The Complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a

motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

**III.　Analysis**

**A. The Section 1983 Claims**

Plaintiff's First Claim asserts a Section 1983 action against Defendants. Specifically, the Complaint alleges that Defendants deprived Plaintiff of his constitutional rights as guaranteed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Defendants move to dismiss the Section 1983 claims against Defendants DPS and ALE, as well as the official capacity claims against Defendants Perry, Dugdale, Murga, and Walker.

As a threshold matter, Defendants Perry, Dugdale, Murga, and Walker, are all employees with the North Carolina Department of Public Safety, and a suit for damages against a state official in his or her official capacity is actually a suit against his or her office and, thus, the State. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312 (1989); Ballenger v. Owens, 352 F.3d 842, 844-5 (4th Cir. 2003). Because neither the State nor a state agency are a "person" within the meaning of Section 1983, Plaintiff may not maintain a Section 1983

claim for damages against Defendants. Will, 491 U.S. at 64-66, 109 S. Ct. at 2309; see also Manning v. S. C. Dep't of Highway and Public Transp., 914 F.2d 44, 48 (4th Cir. 1990) (holding that the Highway Department was not an entity capable of suit under Section 1983); Ballenger, 352 F.3d at 844-5. Rather, the proper means of asserting such claims are against Defendants Perry, Dudgale, Murga, and Walker in their individual capacity. Hafer v. Melo, 502 U.S. 21, 31, 112 S. Ct. 358, 365 (1991). Accordingly, the Court finds that the Section 1983 claims for damages asserted against Defendants Perry, Dugdale, Murga, and Walker in their official capacity, as well as the Section 1983 damage claims asserted against Defendants DPS and ALE are subject to dismissal.

Although a plaintiff may not maintain an official capacity Section 1983 action against state officials for damages, a plaintiff may maintain a Section 1983 action against a state official for injunctive relief. See Bennett v. Reed, 534 F. Supp. 83, 85 (E.D.N.C. 1981); Bradley v. N.C. Dep't Transp., Div. Motor Vehicles, 286 F. Supp. 2d 697, 707 n.4 (W.D.N.C. 2003) (Thornburg, J.); Bin Xu v. Univ. of N.C. at Charlotte, Civil No. 3:08CV403-RLV, 2010 WL 5067423, at *4 (W.D.N.C. Dec. 6, 2010) (Voorhees, J.); Eller v. Kaufman, No. 2:11cv31, 2012 WL 3018295, at *13 n.1 (W.D.N.C. Jul. 24, 2012) (Howell, Mag. J.). Here, Plaintiff seeks prospective injunctive relief in the form of an order: (1) directing Defendants Perry

9

and DPS to publish to the Associated Press a statement retracting the memorandum and clearing Plaintiff's name of wrongdoing; (2) directing Defendants Perry, DPS, and ALE to remove the memorandum and any reference to it from Plaintiff's personnel file; and (3) directing Defendants DPS and ALE to reinstate Plaintiff to his former position. (Pl.'s Compl. ¶¶ 125-27.) Accordingly, Plaintiff's Section 1983 claim seeking injunctive relief against Defendants Perry, DPS, and ALE are not subject to dismissal.

The Court **RECOMMENDS** that the District Court **DISMISS** the Section 1983 claims for damages against Defendants DPS, ALE and Perry in his official capacity. The Court also **RECOMMENDS** that the Court **DISMISS** any Section 1983 claims against Defendants Dugdale, Murga, and Walker in their official capacity. The Court **RECOMMENDS** that the District **DENY** the motion to the extent it seeks to dismiss the Section 1983 claims seeking injunctive relief against Defendant Perry in his official capacity, and Defendants DPS and ALE.

**B. The Official Capacity State Law Tort Claims**

The Third and Fourth Claims in the Complaint assert claims for damages under North Carolina law against Defendants Perry, Dugdale, Murga, and Walker in their official capacity. In addition, the Third Claim seeks damages against Defendants DPS and ALE for defamation. Defendants move to dismiss these

official capacity claims against Defendants Perry, Dugdale, Murga, and Walker, as well as the state law damage claims against Defendants DPS and Ale.

Like the Section 1983 claims for damages, the official capacity state law claims are also subject to dismissal. As Defendants correctly point out in their Motion to Dismiss, these state law claims are barred by the doctrine of sovereign immunity. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 104 S. Ct. 900 (1984); Alston v. N.C. A&T State Univ., 304 F. Supp. 2d 774, 7782-84 (E.D.N.C. 2004); Parks v. N.C. Dep't Pub. Safety, No. 5:13-CV-74-BR, 2014 WL 32064, * 4-6 (E.D.N.C. Jan. 6, 2014); see also Guthrie v. N.C. State Ports Auth., 307 N.C. 522, 534-35 (N.C. 1983). Moreover, Plaintiff has not alleged that North Carolina has waived its sovereign immunity and consented to suit in federal court for the state law claims asserted in the Third and Fourth Claims. Accordingly, the Court **RECOMMENDS** that the District Court **DISMISS** the official capacity damage claims asserted against Defendants Perry, Dugdale, Murga, and Walker, as well as the state law damage claims against Defendants DPS and Ale, asserted in the Third and Fourth Claims.

**C. The State Constitutional Claim**

The Second Claim asserts a cause of action pursuant to the North Carolina Constitution based on Defendants' alleged actions in depriving him of his protected

11

liberty interest in his employment with the State without affording him due process. As an initial matter, North Carolina does not recognize a claim against state employees in their individual capacities for alleged violations of state constitutional rights. Hawkins v. State, 453 S.E.2d 233, 242 (N.C. Ct. App. 1995); Olvera v. Edmundson, 151 F. Supp. 2d 700, 705 (W.D.N.C. 2001) (Thornburg, J.). In certain circumstances, however, North Carolina allows an individual to assert a direct claim for monetary damages against the State under the North Carolina Constitution. See Corum v. Univ. of N.C. through Bd. of Governors, 413 S.E.2d 276, 289 (N.C. 1992). In order to assert such a claim, a plaintiff must allege that he or she lacks an adequate state remedy to provide relief from the alleged injury. Id.; Cooper v. Denlinger, 688 S.E.2d 426, 788 (N.C. 2010); Olvera v. Edmundson, 151 F. Supp. 2d 700, 705 (W.D.N.C. 2001) (Thornburg, J.). Here, Plaintiff has an adequate state remedy to redress the alleged constitutional injury, one that Plaintiff admits in the Complaint that he has already exercised by filing his petition challenging his termination with the North Carolina Office of Administrative Hearings. Because Plaintiff has an adequate remedy at state law to redress the alleged injury, Plaintiff's direct constitutional claim for damages is barred. See Denlinger, 688 S.E.2d at 428-9. The Court **RECOMMENDS** that the District Court **DISMISS** the claims against Defendants Perry, Dugdale, Murga, and Walker in their individual capacity,

as well as all claims for damages against them in their official capacity asserted pursuant to the North Carolina Constitution in the Second Claim. The Court also **RECOMMENDS** that the District Court **DISMISS** the claims for damages against Defendants DPS and ALE asserted in the Second Claim.[1]

### D. Plaintiff's Defamation Claim is Time Barred

Plaintiff's Third Claim asserts a claim of defamation by libel based on the publication of the memorandum prepared by Defendant Perry that Defendant Walker released to the Associated Press. North Carolina has a one year statute of limitations for a claim of libel. N.C. Gen. Stat. § 1-54(3); Iadanza v. Harper, 611 S.E.2d 217, 222-23 (N.C. Ct. App. 2005). Accordingly, a plaintiff must bring a libel action within one year from the date the cause of action accrues or the claim is barred by the statute of limitations. Iadanza, 611 S.E.2d at 222-23. A cause of action for libel accrues on the date the alleged defamatory words are published to a third party. Phillips v. Pitt Cty. Mem'l Hosp. Inc., 731 S.E.2d 462, 472 (N.C. Ct. App. 2012); Iadanza, 611 S.E.2d at 223.

Defendants contends that the alleged libel in this action accrued on April 23, 2013, the date of the publication of the memorandum. Because Plaintiff did not

---

[1] Defendants did not move to dismiss the Second Claim in its entirety. As a result, this Court did not address or consider whether Plaintiff's claims for injunctive relief under the North Carolina Constitution against Defendants Perry, Dugdale, Murga, and Walker in their official capacity and Defendants DPS and ALE are viable claims.

bring this action until 2016, nearly three years after the publication, Defendants contend that the libel claim is time barred. Plaintiff does not dispute that the original publication was made more than one year prior to his bringing this lawsuit but contends that Defendants have continued to perpetrate the defamation by continuing to appeal the decision of the North Carolina Administrative Law Judge. Specifically, Plaintiff contends that the filing of an appeal with the North Carolina Supreme Court on June 7, 2016, is sufficient to save Plaintiff's libel claim from being time barred.

As a threshold matter, Plaintiff cites this Court to no legal authority for the proposition that the filing of an appeal with the North Carolina Supreme Court restarts the clock for the filing of his libel claim. More importantly, however, is the fact that the Complaint is devoid of any factual allegations regarding an alleged defamatory statement contained in such a filing. Rather, the libel claim asserted in the Complaint is based entirely on the alleged defamatory statements contained in the memorandum prepared by Defendant Perry that was published to the Associated Press in 2013. Because the cause of action for libel based on the publication of this memorandum accrued more than one year prior to Plaintiff bringing this action, the libel claim is barred by the applicable statute of limitations. The Court **RECOMMENDS** that the District Court **DISMISS** the Third Claim.

## IV. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT in part** the Motion to Dismiss [# 17]. The Court **RECOMMENDS** that the District Court **DISMISS** the Third Claim in its entirety. The Court **RECOMMENDS** that the District Court **DISMISS** all Section 1983 claims for damages against Defendants DPS, ALE and Perry in his official capacity. The Court also **RECOMMENDS** that the Court **DISMISS** any Section 1983 claims against Defendants Dugdale, Murga, and Walker in their official capacity. The Court **RECOMMENDS** that the District Court **DENY** the motion to the extent it seeks to dismiss the Section 1983 claims seeking injunctive relief against Defendant Perry in his official capacity, and against Defendants DPS and ALE. The Court **RECOMMENDS** that the District Court **DISMISS** the official capacity damage claims asserted against Defendants Perry, Dugdale, Murga, and Walker, as well as the state law damage claims against Defendants DPS and Ale, asserted in the Third and Fourth Claims.

The Court **RECOMMENDS** that the District Court **DISMISS** the claims against Defendants Perry, Dugdale, Murga, and Walker in their individual capacity, as well as all claims for damages against them in their official capacity asserted pursuant to the North Carolina Constitution in the Second Claim. The Court also **RECOMMENDS** that the District Court **DISMISS** the claims for damages against

15

Defendants DPS and ALE asserted in the Second Claim.

Signed: January 3, 2017

Dennis L. Howell
United States Magistrate Judge

**Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).