THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:16-cv-00093-MR-DLH

| | |
|---|---|
| CHAUNCEY JOHN LEDFORD,          )<br>                                                     )<br>                         Plaintiff,   )<br>                                                     )<br>             vs.                               )<br>                                                     )<br>NORTH CAROLINA DEPARTMENT  )<br>OF PUBLIC SAFETY, et al.,           )<br>                                                     )<br>                         Defendants. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on Defendants' Partial Motion to Dismiss [Doc. 17] and the Magistrate Judge's Memorandum and Recommendation [Doc. 27] regarding the disposition of that motion.

Defendants North Carolina Department of Public Safety ("DPS"); Frank Perry, in his official capacity as secretary of DPS and in his individual capacity ("Perry"); Joseph Dugdale, in his official capacity as Chief Deputy General counsel for DPS and in his individual capacity ("Dugdale"); Margaret Murga, in her official capacity as Personnel Analyst for DPS and in her individual capacity ("Murga"); Pamela Walker, in her official capacity as Director of Communications Office for DPS and in her individual capacity ("Walker"); and the North Carolina Alcohol Law Enforcement Branch of the

State Bureau of Investigation ("ALE"), moved to dismiss several of the claims asserted in the Plaintiff's Complaint. [Doc. 17]. Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, the Honorable Dennis L. Howell, United States Magistrate Judge, was designated to consider the partial motion to dismiss and to submit a recommendation for its disposition.

On January 3, 2017, the Magistrate Judge filed a Memorandum and Recommendation in this case containing conclusions of law in support of a recommendation regarding the partial motion to dismiss. [Doc. 27]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. The period within which to file objections has expired, and no written objections to the Memorandum and Recommendation have been filed.

After a careful review of the Magistrate Judge's Recommendation, the Court finds that the proposed conclusions of law are consistent with current case law. Accordingly, the Court hereby accepts the Magistrate Judge's recommendation that the partial motion to dismiss be granted in part and denied in part.

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation [Doc. 27] is **ACCEPTED**, and Defendants' Partial Motion to Dismiss [Doc. 17] is hereby **GRANTED IN PART** and **DENIED IN PART** as follows:

(1)  With respect to Plaintiff's "First Claim," which seeks damages and injunctive relief under 42 U.S.C. § 1983, the Plaintiff's claims for damages against Defendants DPS, ALE, and Defendants Perry, Dugdale, Murga, and Walker in their official capacities are hereby **DISMISSED**. The Plaintiff's claims for injunctive relief against Defendants Dugdale, Murga, and Walker in their official capacities are **DISMISSED**. The Defendants' Partial Motion to Dismiss is **DENIED** to the extent it seeks to dismiss the § 1983 claims seeking injunctive relief against Defendant Perry in his official capacity and Defendants DPS and ALE[1];

(2)  With respect to Plaintiff's "Second Claim," which asserts claims pursuant to the North Carolina Constitution, the Plaintiff's claims against Defendants Perry, Dugdale, Murga, and Walker in their individual capacities are **DISMISSED**, and the Plaintiff's claims for damages against Defendants

---

[1] Defendants did not seek dismissal of the Plaintiff's § 1983 claims for damages against Defendants Perry, Dugdale, Murga, and Walker in their individual capacities and therefore that portion of Plaintiff's "First Claim" remains viable.

Perry, Dugdale, Murga, and Walker in their official capacities and Defendants DPS and ALE are also **DISMISSED**[2];

(3) Plaintiff's "Third Claim," which states claims for defamation against all Defendants, is **DISMISSED** in its entirety; and

(4) With respect to Plaintiff's "Fourth Claim," which asserts claims of civil conspiracy against all Defendants, Plaintiff's claims for damages against Defendants Perry, Dugdale, Murga, and Walker in their official capacities and Defendants DPS and ALE are **DISMISSED**.[3]

**IT IS SO ORDERED.**  Signed: January 25, 2017

Martin Reidinger
United States District Judge

---

[2] Defendants did not seek dismissal of the Second Claim to the extent that Plaintiff asserts therein claims for injunctive relief under the North Carolina Constitution against Defendants DPS and ALE and Defendants Perry, Dugdale, Murga, and Walker in their official capacities. Accordingly, these remain viable claims.

[3] Defendants did not seek dismissal of the Fourth Claim to the extent that Plaintiff asserts therein claims of civil conspiracy against Defendants Perry, Dugdale, Murga, and Walker in their individual capacities. Accordingly, these remain viable claims in this action.